**MEMORANDUM ENDORSEMENT**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/30/2022
```

DeLeon et al v. Dunaway et al,
7:22-cv-6039 (NSR)

    The Court is in receipt of the attached moving papers from *pro se* Defendant Douglas Dunaway, filed August 29, 2022, seeking to dismiss Plaintiffs' Complaint on several bases. The Court is also in receipt of the attached letter from *pro se* Defendant Douglas Dunaway, dated August 26, 2022, but entered August 29, 2022, with a suggestion of death under FRCP 25 of his wife and named co-defendant Maria Louise Dunaway.

    With respect to the filed moving papers, the Court recognizes that "*pro se* litigants may in general deserve more lenient treatment than those represented by counsel." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). However, that a party proceeds *pro se* "does not exempt [the] party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citations omitted).

    Accordingly, the Court DENIES *pro se* Defendant Douglas Dunaway's motion to dismiss without prejudice with leave to refile for failure to follow this Court's Individual Rules of Practice in Civil Cases.[1] *See* Sec. 3.A.ii ("A pre-motion conference with the Court is required before making any other motion . . . . To arrange a pre-motion conference, the moving party shall submit a letter, not to exceed three pages, setting forth the basis for the anticipated motion. The opposing party shall submit a letter, also not to exceed three pages, setting forth its position within three business days from the service of the moving party's letter. If a premotion conference is requested in connection with a proposed motion to dismiss, the request will stay the deadline for the requesting party to move or answer, and a new deadline will be set at the conference.").

    Additionally, the Court REMINDS *pro se* Defendant Douglas Dunaway, as it did in its endorsement issued yesterday (*see* ECF No. 20), that he may only make filings on his own behalf and not on behalf of his other *pro se* co-Defendants, as he did in his motion to dismiss. *See In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp. 2d 169, 172 (S.D.N.Y. 2000) ("It is well-established . . . that th[e] right to proceed *pro se* does not encompass the right to proceed *pro se* on behalf of the interests of another." (citing cases)). Again, if the *pro se* Defendants in this case wish to make a joint request, they must expressly note it as such in the applicable filing and each *pro se* Defendant must sign the applicable filing.

    And with respect to the filed suggestion of death, in view thereof, the Court hereby STAYS this action for 90 days, or November 28, 2022. The Court directs the parties to FRCP 25(a)(1), which provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days of service of a statement noting the death, the action by or against the decedent must be dismissed."

---

[1] Available at: https://www.nysd.uscourts.gov/hon-nelson-s-roman.

      The Clerk of the Court is directed to terminate the motion at ECF No. 21, mail a copy of this memorandum endorsement to *pro se* Defendants Douglas and Michael Dunaway's at their address on 4 Staub Court, Mamaroneck, NY 10543, and show service on the docket.

Dated: August 30, 2022  
       White Plains, NY

SO ORDERED:

_____  
HON. NELSON S. ROMAN  
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Jason DeLeon, Ana Carraca-DeLeon

Ariela Rosa Mori-Gehring and Walter Gehring

Write the full name of each plaintiff or petitioner.

Case No. 7:22 CV 06039 NSR

-against-

Douglas Dunaway, Maria Louise Dunaway

and Michael Dunaway

Write the full name of each defendant or respondent.

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that **Defendant** **Douglas Dunaway**
plaintiff or defendant — name of party who is making the motion

requests that the Court:

Dismiss the compliant in its entirety pursuant to FRCP 12(B) due to 1. Lack of subject matter jurisdiction; 2. Lack of personal jurisdiction; 3. Improper venue: 4. Insufficiency of process; 5. Failure to state a claim on which relief can be granted; 6. Failure to join the Village of Mamaroneck Police Department as a party and for such other and further relief as the Court Deems fit.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☒ a memorandum of law

☒ my own declaration, affirmation, or affidavit

☐ the following additional documents:

August 30, 2022
Dated

Douglas Dunaway
Name

4 Staub Court
Address

(914) 698-9215
Telephone Number (if available)

Signature

Prison Identification # (if incarcerated)

Mamaroneck, NY 10543
City    State    Zip Code

E-mail Address (if available)

SDNY Rev: 5/24/2016

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Jason DeLeon, Ana Carraca-DeLeon

Ariela Rosa Mori-Gehring and Walter Gehring

Fill in above the full name of each plaintiff or petitioner.

Case No. 7:22 CV 06039 NSR

-against-

Douglas Dunaway, Maria Louise Dunaway

and Michael Dunaway

Fill in above the full name of each defendant or respondent.

# DECLARATION

I Douglas Dunaway, a defendant, herein submit this declaration in support of my motion to dismiss the compliant pursuant to FRCP 12b.

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, Douglas Dunaway, declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

I have read the compliant in its entirety and it is essentially a smear compliant by the plaintiffs and their attorney.

The compliant lists specific acts that are not specifically assigned to any defendants  The compliant is incendiary and designed to enrage the court, gain and court the attention of the media and to the cost of myself and my family. Essentially, I am being accused of fraud, false reporting and various criminal activities.  Why are there no arrest records? This isn't a civil compliant is is a criminal compliant.  It is alleging that my family and myself somehow conspired with th Village of Mamaroneck Police Department to deprive Plaintiffs of the use and enjoyment of their property by criminal behavior.This matter has been in the media and this is a shameless money grab.  The matter belongs in state court

Because the allegations listed by plaintiffs are necessary conclusive statements with no direct allegations against myself,

Rev. 6/30/16

the compliant against me must be dismissed. There is a thinly veiled allegation that my family and I have taken advantage of my wife's so-called governmental connections because of her position as a clerk? That is not a compliant that can be tried without adjoining the police department. Plaintiffs cannot cherry pick who they prosecute.

Attach additional pages and documents if necessary.

August 30, 2022
Executed on (date)

Douglas Dunaway
Name

4 Staub Court
Address

(914) 698-9215
Telephone Number (if available)

Signature

Prison Identification # (if incarcerated)

Mamaroneck,    NY    10543
City    State    Zip Code

E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DELEON, ANA CARRACA-DELEON, ARIELA ROSA MORI-GEHRING, and WALTER GEHRING,<br><br>Plaintiffs,<br><br>-against-<br><br>DOUGLAS DUNAWAY, MARIA LOUISE DUNAWAY, and MICHAEL DUNAWAY,<br><br>Defendants. | Case No.: 7:22-cv-06039-NSR<br><br>**Memorandum of Law In Support of Dismissal Pursuant to FRCP 12.** |

Defendant, Douglas Dunaway respectfully submits this memorandum of law in support of the motion to dismiss the complaint as against Douglas Dunaway.

## ARGUMENT

In diversity cases, courts apply the law of the forum state to determine whether personal jurisdiction exists. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 183–84 (2d Cir. 1998). In federal courts in New York, the Court considers whether (1) the defendant is subject to either general personal jurisdiction under N.Y. C.P.L.R. § 301 or specific jurisdiction under New York's long-arm statute, N.Y. C.P.L.R. § 302; and (2) exercising personal jurisdiction over the defendant comports with the constitutional requirements of due process. *See, e.g., Verragio, Ltd. v. Malakan Diamond Co.*, No. 16 Civ. 4634 (CM), 2016 WL 6561384, at *2 (S.D.N.Y. Oct. 20, 2016).

Regardless of the theory of personal jurisdiction, Plaintiff must articulate some factual basis stating at least a *prima facie* claim of personal jurisdiction. *See Continental Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 Fed. App'x 768, 769 (2d Cir. 2014) (plaintiff "cannot establish jurisdiction through conclusory assertions alone" but must "establish[] jurisdiction with some factual specificity") (citation omitted); *Jazini*, 148 F.3d at

1

185 ("conclusory statements— without any supporting facts—that I specifically deprived or plaintiffs of the use of their property etc., lack the factual specificity necessary to confer personal jurisdiction); *see also Mandel v. Busch Entm't Corp.*, 215 A.D.2d 455, 455, 626 N.Y.S.2d 270, 271 (1995) ("In this case, neither the complaint nor the plaintiffs' opposition papers have set forth even conclusory allegations regarding a prospective basis upon which the court could exercise in personam jurisdiction over the defendant."). The Complaint is devoid of any factual basis for jurisdiction over me.

To survive a motion to dismiss, a plaintiff must "support the viability of its claims by pleading sufficient non conclusory factual matter to set forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party's favor," but need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted). And where, as here, the claims depend on interpretation of a contract, the Court "may dismiss the complaint where [the] contract[] [is] unambiguous and do[es] not support the plaintiff['s] claim." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 509-10 (S.D.N.Y. 2012) (*quoting FlightSafety Int'l, Inc. v. Flight Options, LLC*, 418 F. Supp. 2d 103, 107 (E.D.N.Y. 2005)). To survive a motion to dismiss under Rule 12(b)(1), a plaintiff bears the burden of establishing the court's jurisdiction through sufficient allegations. See *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Courts should "presume that [they] lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citations omitted). In deciding a Rule 12(b)(1) motion, the district court may refer to evidence outside the pleadings, such as documents or affidavits, without converting the motion to one for

2

summary judgment. All. for *Envtl. Renewal, Inc. v. Pyramid Crossgates* Co., 436 F.3d 82, 88 n.8 (2d Cir. 2006).

To win a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion under Rule 12(b)(6), "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, . . . documents incorporated by reference in the complaint[,]" "document[s] 'integral' to the complaint," and "matters of which judicial notice may be taken." *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 498 (S.D.N.Y. 2017) (citations omitted). Further, "when faced with a motion to dismiss in the APA context, a court may consider the administrative record and public documents without converting the motion into a motion for summary judgment," *Bates v. Donley*, 935 F. Supp. 2d 14, 17 (D.D.C. 2013) (citing *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009)).

Rule 19 of the Federal Rules of Civil Procedure[6] sets forth a two-step inquiry for determining whether an action must be dismissed for failure to join an indispensable party. See *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990). The first prong focuses on whether the parties should be joined if feasible. Specifically, Rule 19(a) provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability

3

to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

Under the second prong, Rule 19(b), a court must determine whether it can proceed in equity and good conscience without that party. Fed.R.Civ.P. 19(b). Unless Rule 19(a)'s threshold standard is met, however, the court need not consider whether dismissal under Rule 19(b) is warranted. *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir.1990). Here as alleged against me, I along with my entire family have made fraudulent reports to the police, the police have supposedly allowed themselves to be manipulated by my family and as a result the rights of the plaintiffs have been violated?

An objection to standing is properly made on a Rule 12(b) (1) motion. See, e.g., *Steel Co. v. Citizens for a Better Environment*, *355 523 U.S. 83, 88-89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (contrasting standing, an issue implicating a federal court's subject matter jurisdiction, with the failure to state a cognizable claim, which is not a jurisdictional defect). A court, moreover, has an "independent obligation" to consider a party's standing even if the parties fail to raise the issue. See *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990).

To establish Article III standing the plaintiff must demonstrate that a "case or controversy" exists. *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S. Ct. 1601, 60 L. Ed. 2d 66 (1979). At a minimum, the plaintiff must show three elements: (1) an injury in fact, (2) a causal nexus between the complained-of conduct and the injury, and (3) redressability of the injury. See, generally, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); see also Gladstone, 441 U.S. at 99, 99 S. Ct. 1601 ("In order to satisfy Art. III, the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.").

4

"[i]t is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings.'" *FW/PBS, Inc.*, 493 U.S. at 231, 110 S. Ct. 596 (quoting *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284, 3 S. Ct. 207, 27 L. Ed. 932 (1883)). Thus, plaintiff cannot establish standing simply by resting on conclusory allegations in the complaint. Instead, he must make some affirmative factual showing that he is entitled to have the court hear his case. See, e.g., *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); *Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir.1994). Plaintiffs have not done this, as he has shown nothing outside the pleadings to suggest that he has suffered any personal injury, by me either actual or threatened.

Additionally the request for injunctive relief must also be dismissed. The request for injunctive relief alone is fatal because Article III allows courts to remedy only the invasion of a legally protected interest that is both "concrete and particularized" and "actual or imminent," but not one that is merely "conjectural or hypothetical" in nature. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); see also *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990). In particular, with reference to the facts at hand, in a complaint challenging the validity of a contract, typically only the actual or alleged party to the contract is in a position to challenge its validity. See, e.g., *Williams v. Eggleston*, 170 U.S. 304, 309, 18 S. Ct. 617, 42 L. Ed. 1047 (1898).

In delimiting "federal question" or "arising under" jurisdiction, Congress has conferred upon the lower federal courts "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

5

substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); see also *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (describing the "well-pleaded complaint rule"). The mere inclusion of a federal issue in a state cause of action does not guarantee the presence of federal question jurisdiction; the federal question must also be substantial as opposed to a minor, technical addition to a state claim. See, e.g., *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 762 (2d Cir.1986); see also *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 99 (2d Cir.2001), cert. denied, ___ U.S. ___, 122 S. Ct. 666, ___ L.Ed.2d ___ (2001). There is no federal question as applied to me.

Finally, Plaintiff's claims fail because Plaintiff has not alleged any specific act by any specific Defendant, instead attempting to lump the Defendants together as one, in violation of Rule 8(a). See Fed. R. Civ. P. 8(a); *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard"); *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("lumping all the defendants together and failing to distinguish their conduct" failed to satisfy Rule 8 and "fail[ed] to give adequate notice to these defendants as to what they did wrong"); see also GHC Motion to Dismiss. As Plaintiff's attempt at group pleading is not permitted by Rule 8, the Complaint should be dismissed on this ground as well.

For the reasons stated herein, I respectfully ask the court to dismiss the complaint in its entirety, with prejudice.

Dated Westchester New York
August 26, 2022

DOUGLAS DUNAWAY
*(signature)*
Defendant

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JASON DELEON, ANA CARRACA-DELEON, ARIELA ROSA MORI-GEHRING, and WALTER GEHRING,

                Plaintiffs,

-against-

DOUGLAS DUNAWAY, MARIA LOUISE DUNAWAY, and MICHAEL DUNAWAY,

                Defendants.

Case No.: 7:22-cv-06039-NSR

**Statement Pursuant to Rule 25**

Defendant, Douglas Dunaway, husband and next of kin to defendant MARIA LOUISE DUNAWAY respectfully, pursuant to 25(a)(1) of the Federal Rules of Civil Procedure submits this statement and/or suggestion of the death of Maria Louise Dunaway. Annexed herewith is the death certificate.

    Rule 25(a)(1) provides as follows:

    If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. Rule 25(a)(1). Under the Rule, serving a "statement noting the death", i.e., a suggestion of death, triggers a ninety (90) day period during which a motion for substitution should be filed. The Rule does not specifically identify who has authority to serve the statement, but does state that a motion for substitution may be made by a party or by the decedent's successor or representative.

Dated Westchester New York
August 26, 2022

DOUGLAS DUNAWAY
*[signature]*
Defendant

# THE CITY OF NEW YORK
## VITAL RECORDS CERTIFICATE

# DEATH TRANSCRIPT

DATE FILED — THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE

NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE
Jul 19, 2022 01:11 PM

## CERTIFICATE OF DEATH

Certificate No. 156-22-033277

**1. DECEDENT'S LEGAL NAME:** MARIA L DUNAWAY (First, Middle, Last, Suffix)

**2a. New York City Place of Death**
**2b. Borough:** Manhattan
**2c. Type of Place:** 1 ☒ Hospital Inpatient
**2d. Any Hospice care in last 30 days:** 2 ☒ No
**2e. Name of hospital or other facility:** Mount Sinai West

**3a. Date of Death:** July 16, 2022
**3b. Time:** 2:59 PM
**4. Sex:** Female
**5. Date last attended by a Physician:** 07/16/2022

**6. Certifier:** I certify that death occurred at the time, date and place indicated and that to the best of my knowledge traumatic injury or poisoning DID NOT play any part in causing death, and that death did not occur in any unusual manner and was due entirely to NATURAL CAUSES.

**Name of Medical Certifier:** JIN YOON
**Signature:** Jin Yoon (M.D.)
**Address:** 1000 10th Ave New York, NY 10019
**License No.:** 354967
**Date:** JUL-16-2022

**7a. Usual Residence State:** New York
**7b. County:** Westchester
**7c. City or Town:** Mamaroneck
**7d. Street and Number:** 4 Staub Ct
**ZIP Code:** 10543
**7e. Inside City Limits?** 1 ☒ Yes

**8. Date of Birth:** December 20, 1946
**9. Age at last birthday:** 75
**10. Social Security No.:** 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

**11a. Usual Occupation:** Court Clerk
**11b. Kind of business or industry:** Courts
**12. Aliases or AKAs:** Maria Louise Dunaway

**13. Birthplace:** Italy
**14. Education:** 3 ☒ High school graduate or GED

**15. Ever in U.S. Armed Forces?** 2 ☒ No
**16. Marital/Partnership Status at time of death:** 1 ☒ Married
**17. Surviving Spouse's/Partner's Name:** Douglas Dunaway

**18. Father/Parent Name:** Eleuterio Grimaldi
**19. Mother/Parent Name:** Bianca Unavailable

**20a. Informant's Name:** Douglas Dunaway
**20b. Relationship to Decedent:** Spouse
**20c. Address:** 4 Staub Ct Mamaroneck, NY 10543

**21a. Method of Disposition:** 3 ☒ Entombment
**21b. Place of Disposition:** St. Mary's Cemetery
**21c. Location of Disposition:** Rye Brook, New York
**21d. Date of Disposition:** 07/21/2022

**22a. Funeral Establishment:** Coxe & Graziano Funeral Home
**22b. Address:** 767 E Boston Post Rd Mamaroneck, NY 10543

No Correction History.***

EVT202207349871

July 19, 2022



Gretchen Van Wye, PhD, City Registrar



1400001114725

This is to certify that the foregoing is a true copy of a record on file in the Department of Health and Mental Hygiene. The Department of Health and Mental Hygiene does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

Do not accept this transcript unless it bears the security features listed on the back. Reproduction or alteration of this transcript is prohibited by §3.19(b) of the New York City Health Code if the purpose is the evasion or violation of any provision of the Health Code or any other law.

VR 15 (Rev. 01/20)

## THE CITY OF NEW YORK – DEPARTMENT OF HEALTH AND MENTAL HYGIENE
### CONFIDENTIAL MEDICAL REPORT

To be filled in by FUNERAL DIRECTOR or, in case of City Burial, by Physician

Certificate No. 156-22-033277

**23. Ancestry** (Check one box and specify)
- ☐ Hispanic (Mexican, Puerto Rican, Cuban, Dominican, etc.)

Specify _____

- ☒ NOT Hispanic (Italian, African American, Haitian, Pakistani, Ukrainian, Nigerian, Taiwanese, etc.)

Specify Italian

**24. Race as defined by the U.S. Census** (Check one or more to indicate what the decedent considered himself or herself to be)
- 01 ☒ White
- 02 ☐ Black or African American
- 03 ☐ American Indian or Alaska Native (Name of enrolled or principal tribe) _____
- 04 ☐ Asian Indian
- 05 ☐ Chinese
- 06 ☐ Filipino
- 07 ☐ Japanese
- 08 ☐ Korean
- 09 ☐ Vietnamese
- 10 ☐ Other Asian—Specify _____
- 11 ☐ Native Hawaiian
- 12 ☐ Guamanian or Chamorro
- 13 ☐ Samoan
- 14 ☐ Other Pacific Islander—Specify _____
- 15 ☐ Other—Specify _____

**DECEDENT'S LEGAL NAME** (Type or Print): MARIA L DUNAWAY

**25. CAUSE OF DEATH** — List only one cause on each line. DO NOT ABBREVIATE.

**PART I**

| | | APPROXIMATE INTERVAL: ONSET TO DEATH |
|---|---|---|
| a. IMMEDIATE CAUSE | Septic Shock | days |
| b. DUE TO OR AS A CONSEQUENCE OF | Intraabdominal Abscess | weeks |
| c. DUE TO OR AS A CONSEQUENCE OF | Stage 4 Cecal Adenocarcinoma | months |
| d. DUE TO OR AS A CONSEQUENCE OF | | *** |

**PART II** OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH but not resulting in the underlying cause given in Part I. Include operation information.
***

**26a. Was an autopsy performed?** 1 ☐ Yes  2 ☒ No
**26b. Were autopsy findings available to complete the cause of death?** 1 ☐ Yes  2 ☐ No

**27a. If Female**
1 ☒ Not pregnant within 1 year of death
2 ☐ Pregnant at time of death
3 ☐ Not pregnant at death, but pregnant within 42 days of death
4 ☐ Not pregnant at death, but pregnant 43 days to 1 year before death
5 ☐ Unknown if pregnant within 1 year of death

**27b. If pregnant within one year of death, outcome of pregnancy**
1 ☐ Live Birth
2 ☐ Spontaneous Termination/Ectopic Pregnancy
3 ☐ Induced Termination  4 ☐ None

**27c. Date of Outcome**: mm *** dd *** ***

**28. Was this case referred to OCME?** 1 ☐ Yes  2 ☒ No

**29. Did tobacco use contribute to death?** 1 ☐ Yes  2 ☒ No  3 ☐ Probably  4 ☐ Unknown

**30. For infant under one year: Name and address of hospital or other place of birth**: ***

I am submitting herewith a confidential report of the cause of death.

SIGNATURE *Jin Yoon* (Signature Electronically Authenticated) D/O. M.D. ADDRESS 1000 10th Ave New York, NY 10019-1147 LICENSE NO. 354967